

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YAT KUEN CHAN, a/k/a "Andy," and<br>LE WEN WU,<br><br>Defendants | Criminal No. 18cr10393<br><br>Violation(s):<br><br>Count One: Conspiracy to Pay Unlawful Gratuity and to Bribe a Public Official<br>(18 U.S.C. § 371)<br><br>Count Two: Unlawful Gratuities to a Public Official; Aiding and Abetting<br>(18 U.S.C. §§ 201(c)(1)(A) and 2)<br><br>Count Three: Bribery of a Public Official; Aiding and Abetting<br>(18 U.S.C. §§ 201(b)(1) and 2)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

### INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. L & W Travel Inc. (L&W) was a passenger bus charter company incorporated in Massachusetts on or about December 14, 2017. L&W's principal place of business was purportedly located on Cambridge Street in Boston, Massachusetts.

2. Beginning in and around January 2018, L&W transported passengers in interstate commerce for a fee or other compensation.

3. Defendant LE WEN WU (WU) was the owner, President, Treasurer, Secretary, Vice President and Director of L&W.

4. Defendant YAT KUEN CHAN, a/k/a "Andy" (CHAN) was a resident of Quincy, Massachusetts, and acted as a consultant for L&W the Safety Manager of L&W.

5. The Federal Motor Carrier Safety Administration (FMCSA) was a separate administration within the United States Department of Transportation (USDOT). FMCSA was headquartered in Washington, D.C., and its responsibilities included the development and enforcement of Federal regulations that promote motor carrier safety, and the establishment of safe operating requirements for commercial drivers, carriers, vehicles and vehicle equipment.

6. In general, motor carriers transporting passengers in interstate commerce for compensation were required to apply to FMCSA for operating authority via a USDOT Number and a Motor Carrier (MC) Number. If FMCSA approved the application, an 18-month safety monitoring period for the new entrant (the New Entrant Registration Period) began. During the New Entrant Registration Period, the New Entrant was required to: operate safely; maintain up-to-date records; conduct periodic inspections; perform maintenance on commercial motor vehicles; and pass a safety audit conducted by FMCSA within 12 months after the motor carrier began operation.

7. On or about January 9, 2018, L&W applied to FMCSA to operate in interstate commerce as a Bus Charter.

8. On or about January 10, 2018, FMCSA sent a letter addressed to WU, as Owner of L&W, providing USDOT Number 3084015 and MC Number MC68291 to L&W.

9. Between on or about January 10 and July 23, 2018, FMCSA made multiple unsuccessful attempts to contact L&W to complete L&W's New Entrant Registration

requirements, including scheduling a safety audit. FMCSA attempted to contact L&W using the most current physical addresses, business phone numbers, and email addresses that L&W had provided to FMCSA.

10. On or about July 23, 2018, having received no response from L&W, FMCSA sent an Order to Revoke "New Entrant" Registration and Cease All Interstate Transportation for USDOT Number: 3084015 (the Order). The Order was addressed to WU, as President of L&W, and stated that L&W was no longer permitted to operate, effective immediately, because L&W had failed to agree to the safety audit.

11. On or about July 23, 2016, a representative of L&W contacted FMCSA regarding the Order, and FMCSA scheduled a safety audit and compliance review of L&W for July 26, 2010.

12. On or about July 26, 2018, FMCSA Safety Inspector 1 began the compliance review, including the required safety audit, of L&W.

## COUNT ONE
Conspiracy to Pay Unlawful Gratuity and to Bribe a Public Official
(18 U.S.C. § 371)

13. The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 of this Indictment as if fully set forth herein, and further charges:

14. From in or about July 2018 to in or about August 2018, in Cambridge, Braintree, Rockland, Quincy, and elsewhere in the District of Massachusetts, the defendants,

YAT KUEN CHAN, a/k/a "Andy," and
LE WEN WU,

conspired with one another and with others known and unknown to the Grand Jury to commit the following offenses against the United States:

a. Payment of gratuities to a public official, that is, to directly and indirectly give, offer and promise a thing of value to a public official, namely a Federal Motor Carrier Safety Administration Safety Inspector, otherwise than as provided by law for the proper discharge of official duties, for and because of an official act performed and to be performed by such official; and

b. Bribery of a public official, that is, to directly and indirectly corruptly give, offer and promise things of value to a public official, namely a Federal Motor Carrier Safety Administration Safety Inspector, with intent:

   i. to influence an official act, and

   ii. to influence the public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of, a fraud on the United States, and

   iii. to induce the public official to do and omit to do an act in violation of his lawful duty.

### Object of the Conspiracy

15. It was the purpose and objective of the conspiracy for CHAN and WU to give cash to FMCSA Safety Inspector 1, for and because of official acts performed and to be performed by FMCSA Safety Inspector 1, and with the intent to influence FMCSA Safety Inspector 1's compliance review and safety audit of L&W in July and August 2018.

### Manner and Means

16. Among the means and methods by which the coconspirators carried out the conspiracy were the following: It was part of the conspiracy that CHAN and WU gave FMCSA Safety Inspector 1 $2,600 in cash to ensure that L&W and all of its buses remained in service despite at least two serious safety violations, and to ensure that L&W was not subject to significant fines despite its multiple violations of USDOT safety violations.

Overt Acts

17.     In furtherance of the conspiracy, and to effect the objects thereof, the defendants committed, and caused to be committed, the following overt acts, among others, in the District of Massachusetts:

18.     On or about July 30, 2018, in a parking lot near the South Shore Mall in Braintree, Massachusetts, CHAN gave FMCSA Safety Inspector 1 $200 cash for and because of FMCSA Safety Inspector 1's assistance to L&W during the compliance review and safety audit of L&W.

19.     On or about August 1, 2018, CHAN gave FMCSA Safety Inspector 1 $1,000 in cash with the intent to influence FMCSA Safety Inspector 1's compliance review and safety audit of L&W. Specifically, CHAN intended that FMCSA Safety Inspector 1 would not place L&W in "out of service" status, and that L&W would avoid a significant fine, even though L&W had been operating in violation of the Order.

20.     On or about August 1, 2018, CHAN gave FMCSA Safety Inspector 1 $600 in cash with the intent to influence FMCSA Safety Inspector 1's compliance review and safety audit of L&W. Specifically, CHAN intended that FMCSA Safety Inspector 1 would not place a L&W bus out of service based on two significant safety violations – inadequate brakes for safe stopping and a defective bus emergency exit door – but would instead allow L&W to fix the brakes in Massachusetts and drive the bus to New Jersey to repair the emergency door.

21.     On or about August 13, 2018, WU gave FMCSA Safety Inspector 1 $1,000 in cash, with the intent to influence FMCSA Safety Inspector 1's final report of his compliance

review and safety audit of L&W. Specifically, WU intended that FMCSA Safety Inspector 1 would issue a notice of violation and allow L&W to take corrective action, rather than immediately place L&W in "out of service" status, and that FMSCA Safety Inspector 1 would ensure that L&W did not have to pay a fine of up to $10,000..

All in violation of Title 18, United State Code, Section 371.

## COUNT TWO
Unlawful Gratuities to a Public Official; Aiding and Abetting
(18 U.S.C. §§ 201(c)(1)(A) and 2)

22. The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 and 15-21 of this Indictment as if fully set forth herein, and further charges:

23. On or about July 30, 2018, in Braintree, in the District of Massachusetts, the defendants,

> YAT KUEN CHAN, a/k/a "Andy," and
> LE WEN WU,

did directly and indirectly give, offer and promise a thing of value to a public official, namely a Federal Motor Carrier Safety Administration Safety Inspector, otherwise than as provided by law for the proper discharge of official duties, for and because of an official act performed and to be performed by such official, that is Federal Motor Carrier Safety Administration Safety Inspector 1's assistance to L&W during the compliance review and safety audit of L&W.

All in violation of Title 18, United States Code, Sections 201(c)(1)(A) and 2.

## COUNTS THREE THROUGH FIVE
### Bribery of a Public Official; Aiding and Abetting
(18 U.S.C. §§ 201(b)(1) and 2)

24. The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 and 15-21 of this Indictment as if fully set forth herein, and further charges:

25. On or about the dates set forth below, in Cambridge, Braintree, Rockland and Quincy, in the District of Massachusetts, the defendants,

YAT KUEN CHAN, a/k/a "Andy," and
LE WEN WU,

did directly and indirectly corruptly give, offer and promise a thing of value to a public official, namely a Federal Motor Carrier Safety Administration Safety Inspector, with intent:

    a. to influence an official act; and

    b. to influence the public official to commit and aid in committing and to collude in, and allow, and to make opportunity for the commission of, a fraud on the United States; and

    c. to induce the public official to do and omit to do an act in violation of his lawful duty;

that is, to influence Federal Motor Carrier Safety Administration Safety Inspector 1's compliance review and safety audit of L & W Travel Inc. as described in paragraph 15 through 21 of this Indictment.

| Count | Date | Amount of Bribe |
|:---:|:---:|:---:|
| 3 | August 1, 2018 | $1,000 |
| 4 | August 1, 2018 | $600 |
| 5 | August 13, 2018 | $1,000 |

All in violation of Title 18, United States Code, Sections 201(b)(1) and 2.

## FORFEITURE ALLEGATION
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1. Upon conviction of one or more of the offenses set forth in Counts One through Five of this Indictment, the defendants,

>     YAT KUEN CHAN, a/k/a "Andy," and
>     LE WEN WU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

11

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
KRISTINA E. BARCLAY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: OCTOBER 25, 2018
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK
10/25/18 2:45pm